UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80899-MIDDLEBROOKS

CARRIE DANGELES,

 Plaintiff,
v.

NEW YORK LIFE INSURANCE
COMPANY, a New York corporation,

 Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY UNDER SEAL

This cause is before the Court upon Plaintiff's Motion to File Motion to Proceed Anonymously Under Seal (DE 27). This case concerns a contract dispute between Plaintiff and a life insurance company, over proceeds of a life insurance policy of which Plaintiff claims to be the sole beneficiary. (Second Amended Complaint, DE 19).

Plaintiff seeks permission to file a motion under seal, including attachments and exhibits, in support of an upcoming motion to proceed anonymously. Plaintiff is concerned about the fact that her identity is exposed to the public because of her "horrid and violent" history with her former spouse. (DE 27 at 1). Plaintiff wishes to provide information to the Court about the abuse she suffered at the hand of her former spouse. This information contains affidavits, police reports, a dissolution order, restraining order and other documents. Plaintiff does not wish for the attachments to be open to public view. Plaintiff contends that these attachments do not relate to the underlying dispute and contain highly sensitive information. She is concerned her former spouse might react violently if he discovers the attachments. (DE 27 at 4).

Judicial openness is a foundational principle that must be carefully weighed when

considering requests for anonymity in court proceedings. The openness of judicial records is a fundamental principle that underpins the legitimacy and transparency of the legal system. In *Nixon v. Warner Communications, Inc.*, the United States Supreme Court acknowledged a common law right of access to judicial records, affirming that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). This principle is echoed in *Richmond Newspapers, Inc. v. Virginia*, where the Court declared that "a trial is a public event" and that courtroom proceedings are "public property." *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 593 (1980). The importance of this openness was further reinforced in *Globe Newspaper Co. v. Superior Court*, which rejected attempts to close courtrooms during sensitive testimony, emphasizing the public's constitutional right to observe the judicial process. *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). More recently, federal appellate courts have continued to affirm this duty. In *In re Leopold*, the D.C. Circuit described the public's right of access as "a fundamental element of the rule of law," while the Fourth Circuit in *Doe v. Public Citizen* held that the public and press enjoy a presumptive right of access to civil proceedings and related documents, even when disclosure may cause reputational harm. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1123 (D.C. Cir. 2020); *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Although I am sympathetic to Plaintiff and her situation, I will deny the motion to seal on the basis that "lawsuits are public events." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). ("Lawsuits are public events."). Moreover, I note that the materials sought to be sealed are mostly public records (*i.e.*, police reports and court records). To the extent the materials are not public

records, I do not believe they are necessary for me to determine whether Plaintiff should be allowed to proceed anonymously.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to File Motion to Proceed Anonymously Under Seal (DE 27) is **DENIED**. Plaintiff may file the motion to proceed anonymously but may not file it under seal. I will evaluate the motion to proceed anonymously if and when it is filed, but Plaintiff should know that the same considerations which have led me to deny this motion to seal will be relevant and determinative of my decision on any forthcoming motion to conceal Plaintiff's identity.

**SIGNED** in Chambers at West Palm Beach, Florida, this 14 day of November, 2025

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE